**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4354

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS E. COGHILL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:04-cr-00089-nkm)

Submitted: October 27, 2006        Decided: November 15, 2006

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Curtis S. Fallgatter, FALLGATTER FARMAND & ROELKE, P.A., Jacksonville, Florida; Murray J. Janus, BREMMER JANUS COOK & MARCUS, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas E. Coghill, Jr., pled guilty, pursuant to a plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2000) and one count of bank fraud, in violation of 18 U.S.C. § 1344 (2000). In the presentence report (PSR), the probation officer recommended a base offense level of six pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2F1.1(a) (2000). The probation officer determined that Coghill's offense involved at least $3,080,520 in actual loss and, pursuant to USSG § 2F1.1(b)(1)(N), increased the base offense level by thirteen. Additionally, pursuant to USSG § 2F1.1(b)(2), because Coghill's offense involved a scheme to defraud more than one person, Coghill's offense level was increased an additional two levels. After a three-level adjustment for acceptance of responsibility, the PSR recommended a total offense level of eighteen. Coghill's prior criminal conduct yielded a criminal history category of I. The total offense level of eighteen and criminal history category of I resulted in a sentencing range of twenty-seven to thirty-three months.

The district court adopted the recommendations in the PSR, sentenced Coghill to thirty months in prison, and ordered restitution in the total amount of $2,909,520. On appeal, Coghill raises four issues. For the reasons that follow, we affirm.

Coghill first asserts that the district court improperly included interest as a component of loss, and thus improperly added thirteen levels to Coghill's sentence. This court reviews the determination of the amount of loss, to the extent it is a factual matter, for clear error, and reviews de novo the district court's legal interpretation of the term "loss" under the Sentencing Guidelines. United States v. West, 2 F.3d 66, 71 (4th Cir. 1993). The relationship of payment of fees, interest and penalties to principal in calculating loss is a question of law, and is thus reviewed de novo.

Valuation of "loss" under USSG § 2F1.1 is discussed in the commentary to USSG § 2B1.1. Application note 3(D)(i) to USSG § 2B1.1 states that "[l]oss shall not include . . . [i]nterest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs." Coghill cites this language in support of his contention that the district court's sentencing decision is erroneous. Coghill argues that loss should have been calculated by subtracting all payments made on his fraudulently obtained loan directly from the amount of principal borrowed.

The exclusion of interest from the calculation of loss under the Guidelines serves to prevent victims from recovering all interest they could have earned had the fraud never occurred. See United States v. Morgan, 376 F.3d 1002, 1014 (9th Cir. 2004). It

does not follow, as Coghill suggests, that payments already made that both parties understood would be applied in part to interest due and the remainder to principal ought to instead be applied solely to principal for purposes of calculating loss. Rather, the district court properly calculated loss by determining the outstanding principal balance of the loan less the amount the victims were able to recover through liquidation of the collateral provided to secure the loan. See United States v. Abbey, 288 F.3d 515, 518 (2d Cir. 2002).

Coghill next argues that the district court failed to restrict loss calculations to the houses on which the fraudulent loans were obtained. The district court's findings at sentencing as to the amount of loss suffered by a party are findings of fact reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). The amount of loss should be calculated based on the value of the loans procured through fraud, not including outstanding legitimate loans. See United States v. Wilson, 980 F.2d 259, 262 (4th Cir. 1992) (limiting amount of loss under § 2F1.1 in fraudulent loan application case to the amount of loss related to the false statement, rather than the total loan amount.) Our review of the record reveals that the district court did not clearly err in determining the amount of loss suffered by each party. Therefore, Coghill's argument is without merit.

Third, Coghill asserts that the district court erred in failing to subtract $712,040 in alleged losses attributable to accounting errors. Again, this is purely a question of fact, and will be reviewed for clear error. Daughtrey, 874 F.2d at 217. The district court made a proper determination of loss by taking the total amount of the loan principal associated with the fraud outstanding at the time that the fraud was discovered, and subtracting the amount the lenders were able to recover through the liquidation of collateral. The court based these figures on the victims' testimony, records provided by the victims, and the presentence report. Thus, the district court's determination that the victims' records were reliable and correctly established their loss is not clearly erroneous.

Finally, Coghill asserts that the district court failed to comply with mandatory statutory requirements necessary to depart upward thirteen levels. This argument is without merit as the district court did not depart from the Guidelines. Rather, the district court merely rejected Coghill's proposed method of loss calculation. Because the district court did not depart, it was not required to state a reason for a departure sentence.

For the reasons stated herein, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED